UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.

UNITED STATES CUSTOMS AND BORDER
PROTECTION,

    Defendants.
    _____/

Case No. 06-13346

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER ADOPTING MAGISTRATE JUDGE'S OPINION AND ORDER [99] AND
DENYING PLAINTIFF'S OBJECTION [107]**

Before the Court is Plaintiff's Objection [107] to the Magistrate Judge's Opinion and Order [99] regarding compliance with this Court's Order [53] requiring Defendant to submit Vaughn indices of various documents potentially relevant to Plaintiff's FOIA request. For the reasons stated below, the Court DENIES Plaintiff's objection and ADOPTS the Opinion and Order.

**I. Standard of Review**

This Court reviews the decisions of a Magistrate Judge on non-dispositive pretrial matters for clear error. 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when, "although there is evidence to support the finding, the Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). 28 U.S.C. § 636(b)(1)(A) also states matters that are considered dispositive: motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to

dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Plaintiff contends that the Magistrate Judge's Opinion and Order determining whether Defendant has complied with this Court's previous order [53] directing Defendant to produce and categorize information in Vaughn indices is "dispositive of a claim or defense" and thus should be reviewed *de novo*. As indicated in 28 U.S.C. § 636(b)(1)(A), above, the Magistrate Judge's opinion and order does not fall into the realm of a dispositive order. Plaintiff argues that this Court's ability to correctly determine the outcome of Defendant's motion for summary judgment and "analyze the issues [will be] severely limited and precluded" if it accepts to Magistrate Judge's order. In support, Plaintiff cites *United States v. Raddatz*, 447 U.S. 667, 677-78 (1980), for the holding that a motion to suppress may be dispositive if it determines the outcome of a prosecution. This is true, and motions to suppress in criminal cases are considered dispositive under 28 U.S.C. § 636(b)(1)(A). This is not a criminal case, nor have Plaintiff or Defendant made a motion to suppress. Plaintiff's argument depends on the assumption that Defendant has not fully complied with its FOIA request and that a lack of full compliance will be "dispositive" of Defendant's pending motion for summary judgment. The Court rejects this argument; the Magistrate Judge's opinion and order simply evaluates the factual question of whether Defendant has complied with this Court's previous order regarding the production of documents and Vaughn indices. While Plaintiff may not have received information from their FOIA request which will support their case, or may be unable to do so because of claims of privilege, it is the existence or non-existence of issues of material fact, and not the Magistrate Judge's determination regarding whether Defendant has complied with this Court's order, which will be dispositive of Defendant's motion for summary judgment.

Accordingly, Plaintiff's objection to the Magistrate Judge's opinion and order will be reviewed under the clearly erroneous standard.

**II. Factual and Procedural Background**

The Court adopts the detailed discussion of the factual and procedural background provided by the Magistrate Judge in his Opinion and Order.

**III. Analysis**

Plaintiff objects to the Opinion and Order on a number of bases, essentially re-asserting each argument previously made to the Magistrate Judge, and requesting ever-more-detailed Vaughn indices where the Defendant has complied with previous requirements. The Court will address each of Plaintiff's objections in turn.

1. Plaintiff objects to the finding in the Opinion and Order that Plaintiff was not sufficiently specific in objecting to specific documents as not properly falling within the "Deliberative Process" privilege. The Opinion and Order found that Plaintiff made only generalized objections, rather than claiming objection to specific documents. In response, Plaintiff asserts that Dockets Nos. 70 and 96 contain specific objections to the Deliberative Process privilege. The Court, having reviewed the record, finds that Plaintiff has failed to provide any examples of specific objections to the use of the Deliberative Process privilege. The Opinion and Order is therefore not clearly erroneous in this respect.

2. Plaintiff asserts that Defendant has not described in sufficient detail why the pre-decisional/deliberative process privilege applies to each document. The Magistrate Judge found that Defendant had described in sufficient detail why said privilege applied to specific documents. As Plaintiff's argument is again simply a generalized assertion that the privilege is not adequately

3

described, the Court finds that the Opinion and Order was not clearly erroneous in this respect.

3. Plaintiff asserts that Defendant's segregability of the Vaughn indices is inadequate because it rests on Defendant's claim of deliberative or factual privilege. As the Court agrees with the Opinion and Order that Plaintiff has failed to provide specific objections to Defendant's use of deliberative or factual privilege, Plaintiff's assertion that Defendant did not sufficiently segregate the Vaughn indices based on use of this privilege also fails. The Opinion and Order was therefore not clearly erroneous in finding that Defendant's segregability analysis was adequate.

4. Plaintiff argues that the Magistrate Judge should have required Defendant to "provide at least a narrow date range for when [the decision to not to allow Ford into the ISA pending the penalty cases resolution] was made." The Magistrate Judge was tasked with determining whether Defendant had complied with this Court's order [53]. This Court's order did not require Defendant to state a narrow date range regarding the ISA decision. Moreover, the Court agrees with the Opinion and Order that the Vaughn indices adequately detail the nature and time frame of various documents such that the Court can adequately determine if various privileges apply to them. Thus, the Opinion and Order was not clearly erroneous in not requiring Defendant to state a "narrow range" wherein the ISA decision took place.

5. Plaintiff objects generally to the application of the attorney work product privilege to any all Vaughn indices entries because Plaintiff alleges the indices do not identify the "date and nature of the relevant litigation." The Court notes that previously Plaintiff had objected to the Vaughn indices not containing the initials or the roles of the individuals involved, a deficiency remedied by Defendant in a response [103] to the Opinion and Order; Plaintiff did not previously request the "dates or nature of litigation." The Court finds that the indices are sufficiently detailed in describing

how particular documents relate to litigation; moreover, as all the litigation referred to is a series of five penalty cases concerning Plaintiff, it is unclear how the date of litigation is relevant to whether attorney work privilege applies. The Court finds that the Opinion and Order was not clearly erroneous in not requiring the dates or nature of litigation.

6 and 7. Plaintiff objects, generally, to the Magistrate Judge's determination that the Defendant has made an adequate showing that disputed documents were appropriately withheld on the basis of attorney client and work product privilege. Plaintiff also asserts that unidentified entries in the indices may simply be business communications. Plaintiff presents no reason, other than conclusory assertions, for the Court to reject the Opinion and Order. The Court declines to do so, and finds that the Opinion and Order was not clearly erroneous in concluding that Defendant had made an adequate showing regarding attorney and work product privilege.

8. Plaintiff asserts, generally, that Defendant is required to explain why Defendant has not waived attorney-client privilege when "8[1] persons at Customs . . . 60 of them non-attorneys . . . who were listed as receiving the documents were 'necessarily involved.'" As with the majority of Plaintiff's objections, no actual examples are provided. Plaintiff's claim of 81 persons and 61 non-attorneys receiving privileged information is patently misleading; the majority of said non-attorneys are not included in Vaughn index entries where attorney-client or attorney work product privilege is asserted. The Opinion and Order is thus not clearly erroneous in holding that Defendant did not waive attorney-client privilege.

9. Plaintiff provides a conclusory paragraph asserting that Defendant has failed to explain why documents are not merely discussions of agency policy. Plaintiff provides no example of specific entries in the Vaughn indices. The Plaintiff does not state which section of the Opinion and Order this objection relates to. The Court therefore denies this objection.

10. Plaintiff objects that the full name of officials have not been identified.  The disclosure of full names was not required by this Court's Order [53], nor has Plaintiff identified how such disclosure is in the public interest.  The Court also notes that the Vaughn indices contains both the initials of individuals, as well as their positions.  This objection is denied.

11. Plaintiff objects and attempts to re-litigate the issue of whether Defendant's interpretation of Plaintiff's original FOIA request was reasonable.  This Court's Order [53] decided this issue.  Plaintiff's objection is denied.

12. Plaintiff objects to the terms used by Defendant to search for relevant documents, asserting that Defendant's briefs explaining its search process are "exceedingly confusing, ambiguous, conclusory and non-specific . . . ."  Plaintiff fails to demonstrate how the Magistrate Judge's finding in the Opinion and Order that Defendant's search terms complied with this Court's Order [53] is clearly erroneous.  This objection is denied.

13.  Plaintiff asserts that Defendant has violated this Court's order by not conducting electronic searches of offices where previously only paper searches had been conducted, and by not conducting electronic searches in "most offices where an electronic search had previously taken place."  The Opinion and Order found that Defendant's interpretation of the scope of the new electronic searches required by this Court's Order [53] was reasonable.  Plaintiff repeats the arguments made to the Magistrate Judge regarding interpretation of this Court's order.  Plaintiff offers no specific reasons why the Opinion and Order is clearly erroneous.  Plaintiff's objection is denied.

14. Plaintiff asserts that, because this Court's Order [53] did not specifically exempt offices which Plaintiff had not submitted FOIA requests to from further electronic searches, Defendant was

required to search said offices. The Opinion and Order found this objection without merit. Plaintiff has not demonstrated the Opinion and Order to be clearly erroneous.

## IV. Conclusion

Plaintiff's kitchen-sink approach in objecting to the Magistrate Judge's Opinion and Order fails to state any meritorious objections. The Court being fully advised in the premises, and for the reason stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Objection [107] is **DENIED**. The Court hereby **ADOPTS** the Magistrate Judge's Opinion and Order.

**SO ORDERED**.

                                     s/Arthur J. Tarnow
                                     Arthur J. Tarnow
                                     Senior United States District Judge

Dated: January 19, 2012